FILED'06 DEC 12 12:06USDC-ORP

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

ALTON RAY CROWE,

    Plaintiff,

v.

MAX. WILLIAMS, Director of
Department of Corrections in his
individual or official capacity,

    Defendant.

Civil No. 06-1380-BR

ORDER TO DISMISS

BROWN, Judge.

    Plaintiff, an inmate at the Warner Creek Correctional Facility, brings this civil rights action pursuant to 42 U.S.C. § 1983. Pursuant to an order entered by the court this date, Plaintiff was granted leave to proceed *in forma pauperis*. However, for the reasons set forth below, Plaintiff's complaint is dismissed for failure to state a claim upon which relief may be granted. See 28 U.S.C. § 1915(e)(2).

1 - ORDER TO DISMISS -

## BACKGROUND

In the caption of his Complaint, Plaintiff identifies as the only Defendant Max Williams, the Director of the Department of Corrections. On page two of the Complaint, however, Plaintiff identifies as "Additional Defendants," Lt. T. Ross, R. Adams, J. Hicks, Benson K. Poole, Jean Hill, S. Lange, B. Cain, C. Cain, J. Davies, S. Franke, K. Franke, C. Hoxie, S. Czerniak, J. Messersmith, L. Skeen, C. Casper, K. Zandol, J. Wick, S. Hodges, M. Rains, Dr. Duncan, Dr. Gulick, Dr. Shelton, and Dr. Smith.

Plaintiff alleges three claims for relief. In his first claim, Plaintiff alleges he suffers from food allergies, and that he has been denied a diet which both accommodates his allergies and provides sufficient nutrition. With the exception of an allegation that two individual officers threatened Plaintiff with retaliation if he continued to complain about his diet, Plaintiff does not allege personal involvement by any prison officials in the connection with this claim.

Plaintiff's second claim reiterates his allegations about his food allergies and lack of adequate diet, and also alleges he has been subjected to false or improper disciplinary actions. Again, Plaintiff does not identify any individual prison official involved in the deprivation of his rights.

2 - ORDER TO DISMISS -

Finally, Plaintiff alleges he has been medically treated for allergic reactions on at least three occasions, and that medications for these treatments placed Plaintiff at further risk of complications. As such, Plaintiff alleges he has been denied the protections of the Americans With Disabilities Act. As in his first two claims, Plaintiff does not allege personal involvement by any prison official in his third claim.

By way of remedy, Plaintiff seeks substitution of the regular institution diet with meals similar those other inmates receive, but which accommodate Plaintiff's allergies. Plaintiff also seeks termination of Defendants' positions with the Department of Corrections, as well as money damages.

### STANDARDS

Where a prisoner proceeding *in forma pauperis* files an action seeking redress from a governmental entity or officer or employee of a governmental entity, the court shall dismiss the case at any time if the court determines that:

> (B) the action . . .
>
>   (i)  is frivolous or malicious;
>
>   (ii) fails to state a claim on which relief may be granted; or
>
>   (iii)  seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. §§ 1915(e)(2) and 1915A(b).

3 - ORDER TO DISMISS -

"In federal court, dismissal for failure to state a claim is proper 'only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations.'" Cervantes v. City of San Diego, 5 F.3d 1273, 1274 (9th Cir. 1993) (quoting Hishon v. King & Spalding, 467 U.S. 69, 73 (1984)); Tanner v. Heise, 879 F.2d 572, 576 (9th Cir. 1989). In making this determination, this court accepts all allegations of material fact as true and construes the allegations in the light most favorable to the nonmoving party. Tanner, 879 F.2d at 576.

In civil rights cases involving a plaintiff proceeding *pro se*, this court construes the pleadings liberally and affords the plaintiff the benefit of any doubt. McGuckin v. Smith, 974 F.2d 1050, 1055 (9th Cir. 1992), overruled on other grounds by WMX Tech., Inc. v. Miller, 104 F.3d 1133, 1136 (9th Cir. 1998); Karim-Panahi v. Los Angeles Police Dept., 839 F.2d 621, 623 (9th Cir. 1988).

Before dismissing a *pro se* civil rights complaint for failure to state a claim, this court supplies the plaintiff with a statement of the complaint's deficiencies. McGuckin, 974 F.2d at 1055; Karim-Panahi, 839 F.2d at 623-24; Eldridge v. Block, 832 F.2d 1132, 1136 (9th Cir. 1987). A *pro se* litigant will be given leave to amend his or her complaint unless it is absolutely clear

4 - ORDER TO DISMISS -

that the deficiencies of the complaint cannot be cured by amendment. Karim-Panahi, 839 F.2d at 623; Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir. 2000).

## DISCUSSION

### I. Procedural Deficiencies

Pursuant to Fed. R. Civ. P. 10(a), the title of every complaint filed with the court "shall include the names of all the parties." In other pleadings, however, "it is sufficient to state the name of the first party on each side with an appropriate indication of other parties."

As noted, Plaintiff names only Defendant Williams in the caption or title of his Complaint. On page two, however, he appears to identify additional individuals to be named as Defendants. Accordingly, Plaintiff must amend his complaint to comply with Fed. R. Civ. P. 10(a).

### II. Substantive Deficiencies

To state a § 1983 claim, a plaintiff must allege facts showing the deprivation of a right, privilege or immunity secured by the Constitution or federal law by a person acting under color of state law. L.W. v. Grubbs, 974 F.2d 119, 120 (9th Cir. 1992), cert. denied, 508 U.S. 951 (1993); Collins v. Womancare, 878 F.2d 1145, 1147 (9th Cir. 1989), cert. denied, 493 U.S. 1056 (1990).

"Liability under section 1983 arises only upon a showing of personal participation by the defendant" in the alleged constitutional deprivation. Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989). Liability may also be imposed if the defendant sets into "'motion a series of acts by others which the actor knows or reasonably should know would cause others to inflict the constitutional injury.'" Gini v. Las Vegas Metropolitan Police Dept., 40 F.3d 1041, 1044 (9th Cir. 1994) (quoting Merritt v. Mackey, 827 F.2d 1368, 1371 (9th Cir. 1987)).

"'A supervisor may be liable if there exists either (1) his or her personal involvement in the constitutional deprivation, or (2) a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation.'" Redman v. County of San Diego, 942 F.2d 1435, 1446 (9th Cir. 1991), cert. denied, 112 S.Ct. 972 (1992) (quoting Thompkins v. Belt, 828 F.2d 298, 303-04 (5th Cir. 1987)); Larez v. City of Los Angeles, 946 F.2d 630, 646 (9th Cir. 1991); Taylor, 880 F.2d at 1045. However, it is well established that § 1983 does not impose liability upon state officials for the acts of their subordinates under a *respondeat superior* theory of liability." Monell v. New York City Dep't. of Social Services, 436 U.S. 658, 691-94 (1978); Taylor, 880 F.2d at 1045.

6 - ORDER TO DISMISS -

Plaintiff does not allege Defendant Williams was personally involved in any of the alleged deprivations of Plaintiff's rights. Indeed, except for one mention of Lt. Ross and Officer Adams in connection with a retaliation claim, Plaintiff does not personal involvement by any individual corrections officer in any of his claims. As such, Plaintiff fails to state a claim against Defendant Williams upon which relief may be granted under 42 U.S.C. § 1983.

## CONCLUSION

Based on the foregoing, IT IS ORDERED that plaintiff's complaint is DISMISSED for failure to state a claim. Plaintiff may file an amended complaint, curing the deficiencies noted above, within 30 days of the date of this order. Plaintiff is advised that his amended complaint must specifically include (1) the names of the persons who caused or personally participated in causing the alleged deprivation of his constitutional rights, (2) the dates on which the conduct allegedly took place, and (3) the specific conduct Plaintiff alleges is unconstitutional. Plaintiff is further advised that the amended complaint will operate as a complete substitute for the present complaint, not as a supplement. Plaintiff is advised that failure to file an amended complaint shall result in the dismissal of this proceeding, with

7 - ORDER TO DISMISS -

prejudice. In lieu of an amended complaint, plaintiff may move to voluntarily dismiss this action, without prejudice.[1]

IT IS SO ORDERED.

DATED this 12 day of December, 2006.

                                      */s/ Anna J. Brown*
                                      ANNA J. BROWN
                                      United States District Judge

---

[1] Plaintiff is advised that under the Prison Litigation Reform Act, a prisoner is prohibited from proceeding in a civil action without full payment of the filing fee if the prisoner has, on three or more occasions, while incarcerated or detained in any facility, brought an action in a court of the United States that was dismissed as frivolous or for failure to state a claim unless the prisoner is under imminent danger of serious physical harm. 28 U.S.C. § 1915(g).

8 - ORDER TO DISMISS -