IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **ALTON RAY CROWE,** | 06-CV-1380-BR |
| Plaintiff, | |
| | OPINION AND ORDER |
| v. | |
| **MAX WILLIAMS,** Director of Department of Corrections; **LT. T. ROSS; R. ADAMS; J. HICKS; BENSON K. POOLE; JEAN HILL; S. LANGE; B. CAIN; C. CAIN; J. DAVIES; S. FRANKE; K. FRANKE; C. HOXIE; S. CZERNIAK; J. MESSERSMITH; L. SKEEN; C. CASPER; K. ZANDOL; J. WICK; S. HODGES; M. RAINES; DR. DUNCAN; DR. GULICK; DR. SHELTON; DR. SMITH;** Nurse Supervisor **ELLIOTT;** and **TIMALIN,** | |
| Defendants. | |

**ALTON RAY CROWE**
45546
Klamath County Jail #B-1
3201 Vandenberg Rd.
Klamath Falls, OR 97603

Plaintiff, *Pro Se*

1 - OPINION AND ORDER

**HARDY MYERS**
Attorney General
**JACQUELINE SADKER**
Assistant Attorney General
Department of Justice
1162 Court Street NE
Salem, OR 97301
(503)947-4700

      Attorneys for Defendants

**BROWN, Judge.**

    This matter comes before the Court on Defendants' Motion for Summary Judgment (#40).  For the reasons that follow, the Court **GRANTS** Defendants' Motion as to Plaintiff's claims for violation of his rights under the Eighth Amendment and retaliation for exercising his constitutional rights, and, accordingly, the Court **DISMISSES** those claims **with prejudice**. The Court also **GRANTS** Defendants' Motion on the ground that Plaintiff has not exhausted his administrative remedies as to Plaintiff's claim that Defendant Adams failed to return Plaintiff's property following a cell search, and, accordingly, the Court **DISMISSES** that claim **without prejudice**.


### BACKGROUND

    On September 28, 2006, Plaintiff Alton Ray Crowe filed a Complaint in this Court pursuant to 42 U.S.C. § 1983 in which he alleged that during his incarceration (1) Defendants denied him a diet that both accommodated his food allergies and provided

2 - OPINION AND ORDER

sufficient nutrition, (2) Defendants subjected him to false or improper disciplinary actions, and (3) Defendants gave him medications for treatment of his allergy attacks that placed him at risk of further complications.

On December 12, 2006, the Court entered an Order dismissing Plaintiff's Complaint and advising Plaintiff that any Amended Complaint must include (1) the names of the persons who caused or personally participated in causing the alleged deprivation of his constitutional rights, (2) the dates on which the conduct allegedly took place, and (3) the specific conduct that allegedly was unconstitutional.

On December 29, 2006, Plaintiff filed an Amended Complaint pursuant to § 1983 in which he alleges (1) the food he received while incarcerated violated his rights under the Eighth Amendment, (2) he was subject to improper retaliatory disciplinary actions for exercising his constitutional rights, and (3) Defendant R. Adams did not return some of his property after conducting a search of his cell.

On November 14, 2007, Defendants filed a Motion for Summary Judgment.

## **STANDARDS**

Federal Rule of Civil Procedure 56(c) authorizes summary judgment if no genuine issue exists regarding any material fact

3 - OPINION AND ORDER

and the moving party is entitled to judgment as a matter of law. The moving party must show the absence of an issue of material fact. *Rivera v. Philip Morris, Inc.*, 395 F.3d 1142, 1146 (9th Cir. 2005). In response to a properly supported motion for summary judgment, the nonmoving party must go beyond the pleadings and show there is a genuine issue of material fact for trial. *Id*.

An issue of fact is genuine "'if the evidence is such that a reasonable jury could return a verdict for the nonmoving party.'" *Villiarimo v. Aloha Island Air, Inc.*, 281 F.3d 1054, 1061 (9th Cir. 2002)(quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). The court must draw all reasonable inferences in favor of the nonmoving party. *Id*. "Summary judgment cannot be granted where contrary inferences may be drawn from the evidence as to material issues." *Easter v. Am. W. Fin.*, 381 F.3d 948, 957 (9th Cir. 2004)(citing *Sherman Oaks Med. Arts Ctr., Ltd. v. Carpenters Local Union No. 1936*, 680 F.2d 594, 598 (9th Cir. 1982)).

A mere disagreement about a material issue of fact, however, does not preclude summary judgment. *Jackson v. Bank of Haw.*, 902 F.2d 1385, 1389 (9th Cir. 1990). When the nonmoving party's claims are factually implausible, that party must "come forward with more persuasive evidence than otherwise would be necessary." *Wong v. Regents of Univ. of Cal.*, 379 F.3d 1097 (9th

4 - OPINION AND ORDER

Cir. 2004), *as amended by* 410 F.3d 1052, 1055 (9th Cir. 2005)(citing *Blue Ridge Ins. Co. v. Stanewich*, 142 F.3d 1145, 1149 (9th Cir. 1998)).

The substantive law governing a claim or a defense determines whether a fact is material. *Miller v. Glenn Miller Prod., Inc.*, 454 F.3d 975, 987 (9th Cir. 2006). If the resolution of a factual dispute would not affect the outcome of the claim, the court may grant summary judgment. *Id*.

## DISCUSSION

Defendants move for summary judgment on the grounds that (1) Plaintiff has not established Defendants violated Plaintiff's rights under the Eighth Amendment by failing to provide adequate medical care related to prison cuisine, (2) Plaintiff has not established Defendants violated Plaintiff's rights under the Eighth Amendment by failing to provide adequate conditions of confinement related to prison cuisine, (3) Plaintiff has not established Defendants retaliated against Plaintiff for exercising his constitutional rights, and (4) Defendants are entitled to qualified immunity.

**I.   Eighth Amendment Claims**

Plaintiff alleges Defendants violated his rights under the Eighth Amendment because Defendants "denied [him] a proper adequate food diet that would be proper in standing with his

5 - OPINION AND ORDER

medical needs and requirements, because of medically diagnosed food allergies that can and do affect Plaintiffs [sic] health and safety."

It is unclear whether Plaintiff is asserting a claim for inadequate medical care or a claim challenging the conditions of his confinement or both.

### A.   Inadequate Medical Care

Deliberate indifference to serious medical needs is a cognizable claim for violation of the Eighth Amendment proscription against cruel and unusual punishment. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). *See also McGuckin v. Smith*, 974 F.2d 1050, 1059 (9th Cir. 1992), *overruled on other grounds by WMX Tech., Inc. v. Miller*, 104 F.3d 1133 (9th Cir. 1997). A serious need for medical treatment exists if the failure to treat a prisoner's condition could result in further significant injury or the "unnecessary and wanton infliction of pain." *McGuckin*, 974 F. 2d at 1059 (citing *Gamble*, 429 U.S. at 104). Examples of instances when a prisoner has a serious need for medical treatment are, among others, when a prisoner has an injury that a reasonable doctor or patient would find important and worthy of comment or treatment, the prisoner has a medical condition that significantly affects his daily activities, or the prisoner has chronic and substantial pain. *Id.* at 1059-60 (citing *Wood v. Housewright*, 900 F.2d 1332, 1337-41 (9th Cir. 1990), and *Hunt v.*

*Dental Dep't*, 865 F.2d 198, 1000-1 (9th Cir. 1989)).

Before he can establish deliberate indifference on the part of prison officials, a plaintiff must show:  (1) prison officials purposefully ignored or failed to respond to the prisoner's pain or possible medical need and (2) prison officials' denial of medical care to the plaintiff was harmful. *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006).  *See also McGuckin*, 974 F.2d at 1060.  Deliberate indifference may exist when prison officials deny, delay, or intentionally interfere with medical treatment or it may be demonstrated in the way prison officials provide medical care.  *See, e.g.*, *McGuckin*, 974 F.2d at 1062 (a delay of seven months in providing medical care during which time the plaintiff's medical condition was left virtually untreated and the plaintiff was forced to endure "unnecessary pain" is sufficient to present a colorable § 1983 claim), and *Hunt v. Dental Dep't*, 865 F.2d 198 (9th Cir. 1989) (it could be reasonably concluded a delay of three months in providing dentures to an inmate suffering serious dental problems was more than an isolated occurrence of neglect and that the delay was deliberate; summary judgment reversed and remanded).

"Mere negligence in diagnosing or treating a medical condition, without more, does not violate a prisoner's Eighth Amendment rights."  *Hutchinson v. United States*, 838 F.2d 390, 394 (9th Cir. 1988)(citation omitted).  In addition, a mere

difference of opinion between a prisoner and prison medical authorities regarding treatment does not give rise to a claim under § 1983 for inadequate medical treatment.  *Sanchez v. Vild*, 891 F.2d 240, 242 (9th Cir. 1989).

Here Plaintiff alleges Defendants provided him with inadequate medical care because they did not give him a special diet to address his allergies to onions, celery, and cabbage. The record, however, reflects Defendants accommodated Plaintiff's allergy issues by directing him to select food from the cafeteria that did not contain onions, celery, and cabbage; in particular, the meat alternative tray that consisted of unseasoned rice and beans.  The record also reflects Plaintiff's allergic reactions consisted of mild rashes easily treated with over-the-counter allergy medications provided by Defendants.

On this record, the Court concludes Plaintiff has not established his allergies significantly affected his daily activities or that they caused him chronic and substantial pain. In addition, Defendants offered Plaintiff food options that did not contain onions, celery, or cabbage, and Defendants provided Plaintiff with a diet that met his nutritional needs even if the foods available to Plaintiff might not have been of the quality and variety preferred by him.  Finally, when Plaintiff suffered allergic reactions, the record reflects Defendants provided Plaintiff with adequate medical treatment.

8 - OPINION AND ORDER

Accordingly, the Court grants Defendants' Motion for Summary Judgment as to Plaintiff's claim that Defendants violated Plaintiff's rights under the Eighth Amendment by failing to provide him with adequate medical treatment.

**B.    Inadequate Conditions of Confinement**

"'[T]he treatment a prisoner receives in prison and the conditions under which he is confined are subject to scrutiny under the Eighth Amendment.'"  *Bennett v. Misner*, No. 02-1662-HA, 2004 WL 2091473, at *10 (D. Or. Sept 17, 2004)(quoting *Helling v. McKinney*, 509 U.S. 25, 31 (1993), and citing *Farmer v. Brennan*, 511 U.S. 825, 832 (1994), and *Rhodes v. Chapman*, 452 U.S. 337, 345 (1981)).  The United States Constitution, however, "does not mandate comfortable prisons, only deprivations of the minimal civilized measure of life's necessities are sufficiently grave to form the basis of an Eighth Amendment violation."  *Wilson v. Seiter*, 501 U.S. 294, 298 (1991)(internal citations omitted).

"With respect to claims regarding prison food, '[t]he Eighth Amendment requires only that prisoners receive food that is adequate to maintain health; it need not be tasty or aesthetically pleasing.'"  *Bennett*, 2004 WL 2091473, at *16 (quoting *LeMaire v. Maass*, 12 F.3d 1444, 1456 (9th Cir. 1993)).  *See also Keenan v. Hall*, 83 F.3d 1083, 1091 (9th Cir. 1996), amended by 135 F.3d 1318 (9th Cir. 1998)(same).

To the extent that Plaintiff contends his conditions of

9 - OPINION AND ORDER

confinement were inadequate because Defendants would not prescribe a diet specifically tailored to address his allergies, there is not any evidence to suggest the food choices that Defendants provided to Plaintiff were not adequate to maintain his health.  The medical records reflect Plaintiff gained weight during his time in prison, and he did not suffer any ill health related to inadequate nutrition.  *See Canosa v. State of Haw.*, Civil No. 05-00791 HG-LEK, 2007 WL 128849, at *8 (D. Haw. Jan. 11, 2007)("a prisoner's § 1983 claim for mental or emotional injury on an alleged Eighth Amendment violation requires an actual injury.")(citing *Lewis v. Casey*, 518 U.S. 343, 351-52 (1996), and 42 U.S.C. § 1997e(e)).

Accordingly, the Court grants Defendants' Motion for Summary Judgment as to Plaintiff's claim that Defendants violated Plaintiff's rights under the Eighth Amendment by failing to provide adequate conditions of confinement related to prison cuisine.

## II.  Retaliation Claim

Plaintiff alleges Defendants retaliated against him for filing grievances on several occasions.

Plaintiff does not have a constitutional right to be free from false accusations by correctional officers.  *See Freeman v. Rideout*, 808 F.2d 949, 951 (2d Cir. 1986), *cert. denied*, 485 U.S. 982 (1988).  *See also Hanrahan v. Lane*, 747 F.2d 1137, 1140 (7th

Cir. 1984). The Ninth Circuit, however, has held retaliation against a prisoner for the exercise of a constitutionally protected right is a constitutional violation. *Barnett v. Centoni*, 31 F.3d 813, 815-16 (9th Cir. 1994). *See also Orebaugh v. Caspari*, 910 F.2d 526, 528 (8th Cir. 1990)("proper acts are actionable under § 1983 if done in retaliation for filing a grievance pursuant to established prison procedures"); *Wright v. Newsome*, 795 F.2d 964, 968 (11th Cir. 1986)(same); and *Franco v. Kelly*, 854 F.2d 584, 590 (2d Cir. 1988)(same).

To prevail on a retaliation claim under § 1983, a plaintiff must establish the type of activity that he engaged in was protected under the First Amendment and that the state impermissibly infringed on his right to engage in the protected activity. *Rizzo v. Dawson*, 778 F.2d 527, 531 (9th Cir. 1985). A plaintiff must also establish retaliatory intent was a substantial or motivating factor behind the defendant's conduct. *Soranno's Gasco, Inc. v. Morgan*, 874 F.2d 1310, 1314 (9th Cir. 1989)(quoting *Mt. Healthy City School Dist. Bd. of Educ. v. Doyle*, 429 U.S. 274, 287 (1977)). Thus, Plaintiff must establish the alleged retaliatory conduct did not advance legitimate goals of the prison or was not narrowly tailored to achieve such goals. *Rizzo*, 778 F.2d at 532.

    **A.    Sargent Lange and Benson K. Poole**

Plaintiff contends Sargent Lange charged Plaintiff

11 - OPINION AND ORDER

with "a disciplinary action in . . . violation of Oregon Administrative Regulation . . . 291-131-0010" when Plaintiff "attempted to return a bill to the child support agency using verbal commit [sic] to stop billing him for the last 25 years for a kid that don't exist." Prison officials found Plaintiff guilty of using official mail to "promote disrespect to state workers outside the confinement of Snake River" in violation of Oregon Administrative Rule 291-131-0010.

Plaintiff also contends Benson K. Poole falsely charged Plaintiff with a disciplinary action "alleging . . . plaintiff called him a vulgar name over the intercom from his cell. Yet at the hearing, plaintiff produced several witnesses that plaintiff was not even in his cell at the time officer [sic] alleges." Prison officials found Plaintiff guilty of the charge.

The filing of a false infraction report in retaliation for a prisoner's exercise of protected rights may violate an inmate's constitutional rights even if the inmate is subsequently accorded procedural protections. *Cale v. Johnson*, 861 F.2d 943, 950-51 (6th Cir. 1988), *overruled on other grounds by Thaddeus-X v. Blatter*, 175 F.3d 378 (6th Cir. 1999). Courts, however, have held although "a prisoner can state a claim of retaliation by alleging . . . disciplinary actions were based upon false allegations, no claim can be stated when the alleged retaliation arose from discipline imparted for acts that a prisoner was not

12 - OPINION AND ORDER

entitled to perform."  *Orebaugh*, 910 F.2d at 528.  *See also Pratt v. Rowland*, 770 F. Supp. 1399, 1405 (N.D. Cal. 1991)(although the plaintiff alleged prison official's charges against the plaintiff were filed in retaliation for exercising his constitutional rights, the court concluded the plaintiff could not prove the defendant's conduct in filing charges lacked a legitimate, penological purpose).

Here, as noted, prison officials found Plaintiff guilty of violating both Oregon Administrative Rule 291-131-0010 and the charge Poole filed against him.  The Court concludes on this record that Plaintiff has not established Defendants' conduct lacked a legitimate penological purpose.

Accordingly, the Court grants Defendants' Motion for Summary Judgment to the extent Plaintiff's retaliation claim arises from the conduct of Defendants Lange and Poole and their disciplinary charges against Plaintiff.

**B.   R. Adams**

Plaintiff alleges Defendant Adams retaliated against him by issuing a misconduct report after Plaintiff complained Adams had made a racist statement to another inmate.  The record, however, reflects Adams issued a misconduct report against Plaintiff for altering magazine labels to make it appear as if the magazines belonged to him.  At his disciplinary hearing, Plaintiff admitted to altering the magazine labels and was

13 - OPINION AND ORDER

sanctioned.

As noted, "no claim [for retaliation in violation of a prisoner's constitutional rights] can be stated when the alleged retaliation arose from discipline imparted for acts that a prisoner was not entitled to perform."  It is disputed that Plaintiff was not entitled to alter labels on magazines to make it appear as if they belonged to him.  The Court, therefore, concludes Plaintiff has not established a claim for retaliation based on Adams's issuance of a misconduct report against Plaintiff.

Accordingly, the Court grants Defendants' Motion for Summary Judgment to the extent Plaintiff's retaliation claim arises from the conduct of Defendant Adams and the filing of a misconduct report against Plaintiff.

**III. Claims of Retained Property**

Plaintiff alleges Adams conducted a search of his cell; removed some of Plaintiff's property; and did not return two baseball caps, a radio, AA batteries, and earbuds.

The Prison Litigation Reform Act (PLRA) of 1995 amended 42 U.S.C. § 1997e to provide "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."  42 U.S.C. § 1997e(a).  Exhaustion

is mandated regardless of the relief offered through the prison administrative procedures.  *Booth v. Churner*, 532 U.S. 731, 741 (2001).  The exhaustion requirement applies to all inmate lawsuits relating to prison life whether they involve general circumstances or particular episodes and whether the inmates allege excessive force or some other wrong.  *Porter v. Nussle*, 534 U.S. 516, 527-28 (2002).  Prisoners are obligated to navigate the prison's administrative review process "regardless of the fit between a prisoner's prayer for relief and the administrative remedies possible" even when "the prisoner seeks relief not available in grievance proceedings, notably money damages." *Booth*, 532 U.S. at 739-41.  Following *Booth*, the Ninth Circuit has held "the obligation to exhaust 'available' remedies persists as long as some remedy remains 'available.'"  *Brown v. Valoff*, 422 F.3d 926, 934 (9th Cir. 2005).

    The record reflects Plaintiff did not initiate or pursue any grievance relating to this allegation.  The Court, therefore, concludes Plaintiff did not exhaust his administrative remedies with respect to this claim.

    Accordingly, the Court dismisses this claim without prejudice.  *See Wyatt v. Terhune*, 315 F.3d 1108, 1119-20 (9th Cir. 2003)(if the court concludes an inmate has failed to exhaust administrative remedies, the proper remedy is dismissal without prejudice).

15 - OPINION AND ORDER

## CONCLUSION

For these reasons, the Court **GRANTS** Defendants' Motion for Summary Judgment (#40) as to Plaintiff's claims for violation of his rights under the Eighth Amendment and retaliation for exercising his constitutional rights, and, accordingly, the Court **DISMISSES** those claims **with prejudice**. The Court also **GRANTS** Defendants' Motion on the ground that Plaintiff has not exhausted his administrative remedies as to Plaintiff's claim that Defendant Adams failed to return Plaintiff's property following a cell search, and, accordingly, the Court **DISMISSES** that claim **without prejudice**.

IT IS SO ORDERED.

DATED this 12th day of February, 2008.

/s/ Anna J. Brown

ANNA J. BROWN
United States District Judge